UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH PRESTI,<br>on behalf of plaintiff and the class members<br>described herein,<br><br>            Plaintiff,<br><br>            v.<br><br>TOYOTA MOTOR SALES U.S.A, INC., and<br>COLONIAL IMPORTS CORP.,<br>d/b/a TOYOTA OF NASHUA,<br><br>            Defendants. | Civil Action No. 17-10320-DJC |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                                                                February 8, 2017

### I.    Introduction

Plaintiff Joseph Presti ("Presti") has filed this lawsuit against Toyota Motor Sales U.S.A., Inc. ("Toyota") and Colonial Imports Corp., doing business as Toyota of Nashua ("Colonial") (collectively, the "Defendants"), alleging deceptive practices under Massachusetts and New Hampshire consumer protection law, Mass. Gen. L. c. 93A ("Chapter 93A") and N.H. Rev. Stat. § 358-A ("NHCPA"), respectively, and unjust enrichment. D. 21. Toyota and Colonial now have moved to dismiss Presti's second amended complaint in its entirety under Fed. R. Civ. P. 12(b)(6). D. 23; D. 25. For the reasons stated below, the Court ALLOWS both motions and dismisses Presti's second amended complaint in its entirety.

## II. Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), a complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013). The Court "must assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences therefrom." Ruiz v. Bally Total Fitness Holding Corp., 496 F.3d 1, 5 (1st Cir. 2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

When alleging fraud, a pleading party "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). This requires the pleader to "allege with particularity the who, what, when, where, and how of the fraud." D'Agostino v. ev3, Inc., 845 F.3d 1, 10 (1st Cir. 2016); see also SEC v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010). Rule 9(b) requires a complaint to "specify the statements that the plaintiff contends were fraudulent" and "explain why the statements were fraudulent." Suna v. Bailey Corp., 107 F.3d 64, 68 (1st Cir. 1997). Furthermore, "where there are multiple defendants, the specific role of each must be alleged." Rick v. Profit Mgmt. Assocs., Inc., 241 F. Supp. 3d 215, 224 (D. Mass. 2017). This applies not only to fraud claims, but also to claims that "effectively charge fraud." N. Am. Catholic Educ. Programming Found., Inc. v. Cardinale, 567 F.3d 8, 15 (1st Cir. 2009).

## III. Factual Background

The following facts are based upon the allegations in Presti's second amended complaint, D. 21, and are accepted as true for the consideration of the motion to dismiss. Toyota, a California corporation, imports, advertises and sells Toyota products within the United States. D. 21 ¶ 5. Colonial operates a Toyota dealership in Nashua, New Hampshire and advertises to customers

both in New Hampshire and in certain towns in Massachusetts. D. 21 ¶¶ 6, 8. One town where Colonial advertises is Littleton, Massachusetts, where Presti resides. D. 21 ¶¶ 4, 8.

In September and October 2016, Toyota advertised a "tire savings event" at Toyota locations throughout the United States, including at Colonial's Nashua location, offering "[t]hree tires at regular price, fourth tire for one dollar." D. 21 ¶¶ 8-9. Presti alleges that Toyota "had a cooperative advertising program for Toyota dealers" like Colonial, by which Toyota funded "a substantial portion of the cost of the advertising" and "either required prior approval for the mailers . . . or was familiar with their content." D. 21 ¶¶ 19, 22. Colonial distributed this promotion advertising "throughout its market area" and "repeated the representations" to customers visiting the dealership. D. 21 ¶ 25.

Presti traveled to Colonial in New Hampshire "in response" to this advertisement.[1] D. 21 ¶ 13. Upon arriving at Colonial, Presti was offered three tires at $173 each and a fourth tire at $1, bringing the total price of the four tires to $520. D. 21 ¶ 14; D. 21 at 42. Presti alleges that the price of $173 per tire was not the "regular price," as they had been previously sold at $149.30 per tire prior to the promotion. D. 21 ¶¶ 10, 15. Presti complained of this discrepancy to Colonial and received a $35 "loyalty" discount in return. D. 21 ¶ 16. After the promotion ended, Presti claims that the price of the tires was "reduced to under $150 each." D. 21 ¶ 17.

## IV. Procedural History

Presti instituted this action on February 27, 2017, D. 1, and filed the second amended complaint on September 5, 2017, D. 21. Defendants have now moved to dismiss that amended

---

[1] Presti has not alleged that he received promotional literature from Colonial or Toyota, the content of that literature or circumstances of receipt. He has provided "examples" of the relevant advertising—from dealers in Illinois, Georgia, California, North Carolina, Pennsylvania and Connecticut—as exhibits to his amended complaint, D. 21 at ¶¶ 8-9; D. 21 at 16-36, but he has not provided any literature or language from advertising within Massachusetts or New Hampshire.

3

pleading. D. 23; D. 25. The Court heard the parties on the pending motions and took the matters under advisement. D. 36.

V.    Discussion

   A.    **Presti Has Failed to State a Claim under the Massachusetts or New Hampshire Consumer Protection Law**

        *1.    The Chapter 93A Claim*

"Chapter 93A, commonly known as the Massachusetts Consumer Protection Act, is a broad consumer protection statute that provides a private cause of action for a consumer who 'has been injured,' by 'unfair or deceptive acts or practices in the conduct of any trade or commerce.'" Shaulis v. Nordstrom, Inc., 865 F.3d 1, 6 (1st Cir. 2017) (quoting Mass. Gen. L. c. 93A §§ 9(a), 2(a)) (internal citations omitted); see Casavant v. Norwegian Cruise Line, Ltd., 460 Mass. 500, 503 (2011). "[A]dvertising need not be totally false in order to be deemed deceptive in the context of [Chapter] 93A." Aspinall v. Philip Morris Cos., 442 Mass. 381, 394 (2004). Presti alleges that Defendants engaged in deceptive acts by advertising "[t]hree tires at regular price, fourth tire for one dollar,' while selling ([Colonial]) and permitting the sale ([Toyota]) of the three tires at prices in excess of those for which they normally sell." D. 21 ¶ 28. Defendants argue that Presti's Chapter 93A claim fails on the basis of injury and causation.[2] D. 23 at 6-10; D. 25 at 9-12.

---

[2] Presti also repeatedly cites to Section 5 of the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 45, to establish his deception claim. D. 21 ¶¶ 11-12, 31; D. 28 at 7-9. Presti has not alleged a claim under the FTCA, nor can he, as there is no private right of action under the FTCA, see Flores v. OneWest Bank, F.S.B., 172 F. Supp. 3d 391, 397 (D. Mass. 2016) (explaining that "[s]ection 5 of the FTCA does not authorize a private right of action"); Lee v. BAC Home Loans Servicing, LP, No. 10-CV-12226-GAO, 2013 U.S. LEXIS 7667, at *9 (D. Mass. Jan. 18, 2013). Presti is correct that courts are guided by the interpretation of the FTCA when analyzing Chapter 93A claims, see Mass. Gen. L c. 93A, §2(b); Sharp v. Hylas Yachts, LLC, 872 F.3d 31, 49 (1st Cir. 2017), but even if the Court were to accept for argument's sake that the FTCA and regulations provided demonstrate that the promotional advertising were deceptive, Presti would still need to plausibly allege injury and causation to state a Chapter 93A claim, which are the elements that Defendants challenge here.

4

a) <u>Injury</u>

Toyota and Colonial first argue that Presti has failed to plead a legally cognizable injury. D. 23 at 6-8; D. 25 at 9-12. A "per se" theory of injury—"that is, a claim that an unfair or deceptive act alone constitutes injury"—does not suffice for a Chapter 93A claim. <u>Shaulis</u>, 865 F.3d at 7. Rather, "[t]o state a viable claim, the plaintiff must allege that she has suffered an 'identifiable harm' caused by the unfair or deceptive act that is separate from the violation itself." <u>Id.</u> at 10 (quoting <u>Tyler v. Michaels Stores, Inc.</u>, 464 Mass. 492, 503 (2013)); see <u>Hershenow v. Enter. Rent-A-Car Co. of Bos.</u>, 445 Mass. 790, 802 (2006). Defendants argue that Presti does not allege such an identifiable harm. D. 23 at 6-7; D. 25 at 9-12. Presti alleges that tires were "regularly" sold at a price of $149.30 per tire, which would total $597.20 for four tires, as opposed to the $485 he paid for four tires. See D. 21 ¶ 15. Thus, Defendants argue, Presti's only proposed injury is deception itself, which, as the First Circuit recently affirmed, is not the basis for a Chapter 93A claim. See <u>Mulder v. Kohl's Dep't Stores, Inc.</u>, 865 F.3d 17, 22 (1st Cir. 2017) (emphasizing the Massachusetts SJC's decision to move away from recognizing "per se" or "deception-as-injury" theories of injury under Chapter 93A); <u>Shaulis</u>, 865 F.3d at 7.

Presti contends, however, that he can present an "objective claim" for injury to support his theory of "overpayment" for a product, see <u>id.</u> at 12. D. 28 at 11. In <u>Shaulis</u>, the plaintiff offered only a "subjective belief" that the sweater was worth less than what she paid for it. <u>Shaulis</u>, 865 F.3d at 12. Here, by contrast, because the tires had previously been purchased for $149.30 each, Presti argues that the first three tires are worth $149.30 each and the fourth tire is worth $1, bringing the value of the four tires to $448.90. D. 28 at 11.

Even as alleged, Presti does not plausibly contend that the value of the four tires is $448.90. There is no reasonable basis for the argument that the fourth tire, materially and structurally identical to the other three, is actually worth $148.30 less than the others. As Toyota points out,

5

price and value are not synonyms. D. 32 at 3; see Shaulis, 865 F.3d at 12-13. Presti's argument that four tires are worth less than $485 is also pure conjecture; he has provided no "objectively identifiable" basis to allege that he did not receive exactly what he paid for, cf. Shaulis, 865 F.3d at 12.[3] Indeed, by Presti's own admission, the only evidence to suggest that the tires are worth anything less than $149.30 apiece—or $597 for a set of four—is Presti's own purchase of the set of four tires for $485. Absent any other identification of a bargained-for characteristic of the tires that Presti did not receive, Presti has presented no legally cognizable injury here.[4]

        b)      <u>Causation</u>

Defendants argue that Presti's Chapter 93A claim also fails because he has not plausibly alleged causation. D. 23 at 8-9; D. 25 at 7. "[C]ausation is a required element of a successful [Chapter] 93A claim." Aspinall, 442 Mass. at 401. "To establish causation, a plaintiff must 'prove that the defendant's unfair or deceptive act caused an adverse consequence or loss.'" Walsh v. TelTech Sys., 821 F.3d 155, 160 (1st Cir. 2016) (quoting Rhodes v. A.I.G. Domestic Claims, Inc., 461 Mass. 486, 496 (2012)); see Casavant, 460 Mass. at 503.

---

[3] Presti argues that the measure of damages in this case is the difference between the "bait" price and the "switch" price of the tires. D. 28 at 9. This is not a "bait and switch" case, however, because there was no "switch" of products here; Presti received the four tires he bargained for. See 940 C.M.R. 3.01 (explaining that "[b]ait advertising is an alluring but insincere offer to sell a product which the advertiser does not intend or want to sell" with the purpose "to switch consumers from buying the advertised product in order to sell something else"); cf. Wherry v. Showcase Isuzu, Inc., 65 Mass. App. Ct. 1114, 2006 WL 163331, at *1 (2006) (unpublished opinion) (affirming the trial court's decision that defendant had engaged in a "bait and switch" scheme in violation of Chapter 93A when it advertised a new car in the newspaper and negotiated with the plaintiff, only to later inform the plaintiff that the vehicle was used).

[4] Presti's other injury theory—that he was "induced" to purchase tires for a price he otherwise would not have paid, D. 28 at 11—has been rejected by the First Circuit. See Shaulis, 865 F.3d at 10-11 (explaining that the plaintiff's argument that the inflated "compare at" price on the tag "induced" her to make a purchase she would not have otherwise made fails as an injury theory).

6

Presti argues that he has sufficiently alleged causation here because Defendants' promotional materials "induced" him to travel to Colonial and placed him "in a position where making a purchase at a price higher than the promised price was less costly than leaving" the dealership. D. 28 at 7. Defendants argue that to the extent there was any misrepresentation in Defendants' promotional language, Presti was aware of it before he purchased the tires, thereby breaking the causal chain. D. 23 at 8-9; D. 25 at 7-8.

The Court need not reach this issue. In some states, the law is clear that knowledge of deception will defeat a claim under the relevant consumer protection statute. See, e.g., Lawrence v. Philip Morris USA, 164 N.H. 93, 98 (2012) (applying New Hampshire consumer protection law); In re Ford Motor Co., No. 03-4558, 2012 U.S. Dist. LEXIS 13887, at *58, 96, 111 (D.N.J. Feb. 6, 2012) (applying New York, Texas and Florida consumer protection law). It is unclear, however, if knowledge of deception would defeat a Chapter 93A claim under Massachusetts law. Although one court in this district has held as much, see Brown v. Bank of Am., N.A., 457 F. Supp. 2d 82, 89 (D. Mass. 2006) (holding that a "click-through" screen requiring a customer to consent to a fee assessment on the bank's ATMs broke the causal connection between the allegedly defective notice above the ATM and the payment of the fee), it appears that Massachusetts appellate courts have not directly addressed the question. Moreover, given the Court's ruling regarding injury, this Court need not, and does not, resolve this issue here.

### 2. *The NHCPA Claim*

The NHCPA provides, in relevant part, that "[i]t shall be unlawful for any person to use any unfair method of competition or any unfair or deceptive act or practice in the conduct of any trade or commerce within this state." N.H. Rev. Stat. § 358-A:2. Under the statute, "[a]ny person

injured by another's use of any method, act or practice declared unlawful under this chapter may bring an action for damages." Id. § 358-A:10.

First, focusing on the "within this state" statutory language, Toyota argues that Presti's NHCPA claim fails as a matter of law because neither Presti nor Toyota is a New Hampshire citizen and Toyota's alleged misrepresentation occurred in Massachusetts. D. 23 at 11-12. The scope of NHCPA's territorial language appears to be an open question. Toyota cites to certain cases from the U.S. District Court for the District of New Hampshire to argue that the "locus of the conduct proscribed by [the NHCPA] is the place where the misrepresentation is received." D. 25 at 12-13; see BAE Sys. Info. & Elecs. Sys. Integration v. Spacekey Components, Inc., No. 10-cv-370-LM, 2011 U.S. Dist. LEXIS 48834 (D.N.H. Mar. 4, 2011); Environamics Corp. v. Ferguson Enters., No. 00-579-JD, 2001 U.S. Dist. LEXIS 25481 (D.N.H. Sept. 24, 2001). Presti emphasizes that this narrow interpretation of the NHCPA has not been dictated or adopted by New Hampshire state courts and points to New Hampshire precedent underscoring the broad scope of the statute. D. 28 at 13; see LaChance v. U.S. Smokeless Tobacco Co., 156 N.H. 88, 95 (2007) (explaining that the NHCPA "generally is given broad sweep"). Moreover, Presti has alleged that Toyota directed and approved of the misrepresentations made at Toyota dealerships, such as the alleged misrepresentation made by Colonial employees in New Hampshire that $173 per tire qualified as the "regular" tire price. D. 21 ¶¶ 23-25; D. 28 at 14. Thus, the Court need not opine on the scope of the NHCPA, as Presti's allegations sufficiently allege that misrepresentations were, at least in part, received within New Hampshire.

The Court nevertheless dismisses Presti's NHCPA claim. First, Presti's allegations of injury retain the same flaws as those addressed above regarding the Chapter 93A claim. The NHCPA also requires actual injury, see N.H. Rev. Stat. § 358-A:10, and Presti has provided no

basis for a distinction between injury as defined by Massachusetts's and New Hampshire's consumer protection jurisprudence. Second, Presti has not established plausible causation under New Hampshire law. See Lawrence, 164 N.H. at 98. In Lawrence, the court signaled that causation is a necessary element of a NHCPA claim, reversing a class certification order on the basis that individual questions of actual knowledge of misrepresentation prior to purchase defeat causation and would predominate in that case. Id. at 101. As Presti admits, he was aware of the price distinction prior to purchasing the tires. D. 21 ¶ 16. The Court thus dismisses Presti's NHCPA claim on this basis.

### B.    Presti Has Failed to State a Claim of Unjust Enrichment

Presti alleges that both Toyota and Colonial were unjustly enriched when they advertised "[t]hree tires at a regular price, fourth tire for one dollar," while charging higher than normal prices for the three tires. D. 21 ¶ 43. A claim of unjust enrichment requires that a plaintiff show: "(1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; and (3) acceptance or retention by the defendant of the benefit under the circumstances would be inequitable without payment for its value." Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc., 552 F.3d 47, 57 (1st Cir.), decision clarified on denial of reh'g, 559 F.3d 1 (1st Cir. 2009) (citing 26 Samuel Williston & Richard A. Lord, A Treatise on the Law of Contracts § 68:5 (4th ed. 1993)). First, Toyota points out that Presti has failed to allege that Toyota received any specific benefit from the sale. D. 23 at 14. Presti has submitted an invoice that demonstrates that he and Colonial were parties to the sale, D. 21 at 41, but he has not identified any benefit Toyota reaped from the transaction. Without any alleged benefit, Presti fails to state a claim of unjust enrichment against Toyota.

9

Second, Defendants contend that no inequitable conduct occurred here, and, indeed, Presti received a benefit from Colonial because he purchased a set of four tires at a price far cheaper than their "regular" price and has not alleged that the four tires he bought are actually worth less than what he paid for them. D. 25 at 14-15; see Mulder v. Kohl's Dep't Stores, Inc., No. 15-11377-FDS, 2016 U.S. Dist. LEXIS 11584, at *21-22 (D. Mass. Feb. 1, 2016), aff'd, 865 F.3d 17 (1st Cir. 2017) (holding that there was no unjust enrichment where Plaintiff failed to allege that Defendant retained a benefit that would be inequitable without payment for its value). Defendants are correct. As Presti has not alleged that he did not receive the tires he attempted to purchase, he has failed to state a claim of unjust enrichment here.

Finally, Presti purchased these tires pursuant to a sales contract with Colonial and is barred from recovering under the equitable doctrine of unjust enrichment. See D. 21 ¶ 41. A claim for unjust enrichment is not viable when there is a valid express contract between the parties. See Philibotte v. Nisource Corp. Servs. Co., 793 F.3d 159, 167 (1st Cir. 2015); Metro. Life Ins. Co. v. Cotter, 464 Mass. 623, 641 (2013). In Shaulis, for example, the plaintiff claimed that Nordstrom was unjustly enriched by obtaining revenue and profits that it would not have otherwise obtained absent its deceptive conduct. Shaulis, 865 F.3d at 5. The First Circuit disagreed, however, and held that because the agreement between the Plaintiff and Nordstrom was a "straightforward everyday sales contract for the purchase of a sweater," the obligations of which Nordstrom fulfilled by charging the stated purchase price in exchange for the ownership of the sweater, the plaintiff was barred from recovering under a theory of unjust enrichment. Id. at 16. Presti confronts the same obstacle here. Here, there was an actual bill of sale exchanged between the parties (as alleged and attached to the amended complaint), denoting an express valid contract to sell and buy the

tires, and Colonial tendered four tires in accordance with that contract. See D. 21 at 42. Presti cannot, therefore, recover under a quasi-contract theory of unjust enrichment.

### C. Presti's Amended Complaint Fails to meet the Heightened Pleading Standards of Rule 9(b)

Alternatively, the Court notes that Presti's amended complaint fails to meet the pleading requirements set forth in Rule 9(b). Both Defendants argue that Presti's amended complaint fails to meet the heightened pleading standards of Rule 9(b). D. 23 at 4-5; D. 25 at 6-7. Presti does not dispute that Rule 9(b) applies to these claims, but he argues that he has pled sufficient information to satisfy the purposes of the heightened pleading requirement. D. 28 at 4-5. The Court agrees that the complaint's deficiencies under Rule 9(b) are significant—omitting allegations of the circumstantial details surrounding Presti's receipt of the promotional materials, submitting out-of-state advertisements but omitting any sent by Colonial or sent within Massachusetts and failing to allege with any specificity Toyota's role in the events—and demonstrate an alternative basis for the Court to dismiss the case. The Court has nevertheless focused on Defendants' other arguments herein, as they demonstrate that any attempt to amend the complaint further would be futile.

## VI. Conclusion

For the foregoing reasons, the Court ALLOWS Defendants' motions to dismiss, D. 23; D. 25, and dismisses Presti's second amended complaint.

**So Ordered.**

                                                                /s/ Denise J. Casper
                                                                United States District Judge